IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY FORET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-204 |
| | § | |
| ARIES MARINE CORP., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

This case arises out of personal injuries sustained by Plaintiff Timothy Foret while working as a welder-fitter for the Grand Isle Shipyard.  Now before the Court comes Defendants Aries Marine Corporation ("Aries") and Chevron U.S.A. Inc.'s ("Chevron") (collectively "Defendants") Motion to Transfer to the New Orleans Division of the Eastern District of Louisiana.  For the reasons stated below, Defendants' Motion is respectfully **DENIED**.[1]

### I. Background

In November, 2005, Plaintiff was an employee of Grand Isle Shipyard ("GIS") working as welder-fitter when he slipped on a wet deck aboard the RAM IV, a lift-boat owned by Aries and chartered by Chevron.  As a result of the fall, Plaintiff alleges that he suffered serious injury to his tailbone, lower back, and head.

### II.  Legal Standard

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed.").   In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III.  Analysis

### A.  Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H.

Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Defendant claims that the availability and convenience of all witnesses support transfer to New Orleans.  Defendants list four crewmembers who reside in Louisiana, eight of Plaintiff's fellow employees (seven of whom reside in Louisiana), and several Chevron employees who reside in Louisiana.  These witnesses are expected to testify about the sequence of events leading up to the accident, the status and condition of the vessel, the weather conditions, Plaintiff's job responsibilities, Plaintiff's condition after the accident, Defendants' general operating procedures, and Defendants' post-incident activities.  Defendants also list several initial treating physicians located in Louisiana.

Plaintiff argues that his key experts, a current treating physician and economist, reside in the Southern District of Texas.

While Defendants have listed a large number of Louisiana witnesses, they have not met their burden of proof in demonstrating that transferring this case to New Orleans will increase the availability and convenience of the potential witnesses in this case.  First, Defendants' list of witnesses' likely testimony contains a large amount of duplication.  Duplicative and repetitious testimony has never been tolerated in this Court, and will not be allowed in this case either.  Additionally, many of the witnesses listed are Defendants' employees, who can be compelled to testify.  Finally, the initial treating physicians' testimony can be presented by deposition, and is substantially less important than the testimony of the current treating physician, who resides in this District.  This factor weighs against transfer.

*B.  Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case.  Defendants have not indicated that the records in this case are so voluminous that they would incur substantial cost in transporting them to this Court rather than the federal courthouse in New Orleans.  *See LeBouef*, 20 F. Supp. 2d at 1060.  This factor does not support transfer.

*C.  Cost of Obtaining Witnesses and Other Trial Expenses*

Defendants argue that obtaining the deposition testimony of many witnesses will be costly due to the highly variable schedules of offshore workers.  The Court acknowledges this difficulty, present in many admiralty cases.  However, a transfer of this case will not necessarily reduce those costs, as the witnesses in question are not routinely available *anywhere*.  This is an inherent cost of litigation and one the Court regrettably cannot reduce.  This factor does not support transfer

*D.  Place of the Alleged Wrong*

This accident occurred approximately twelve nautical miles offshore Louisiana.  However, neither side indicates whether it was offshore of the Eastern or Western District of Louisiana.  Accordingly, this factor does not weigh for or against transfer.

*E.  Possibility of Delay*

This case was initially set for trial this month.  However, it was continued so that additional parties could be added.  While a new trial date has not yet been set, substantial discovery has already taken place in this case, which has now been on file for ten months.  A transfer would inevitably lead to some delay, but the delay is not so substantial as to demand retention.  This factor does not weigh for or against transfer.

*F.  Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference.  However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff is a resident of Grand Isle, Louisiana, so his choice of forum is entitled to little deference. However, in light of the other factors, it would be inappropriate to upset his choice in this case.

## IV.  Conclusion

After examining the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendants have failed to carry their burden of demonstrating that transferring this case to the Eastern District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice.  The circumstances of this case do not support transfer of this case.  Therefore, Defendants' Motion to Transfer Venue is **DENIED**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this _____ day of February, 2007, at Galveston, Texas.


Samuel B. Kent
United States District Judge